# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KEVIN BROWN; CHRISTOPHER BLUNDON; and ADAM W. DYER, individually and on behalf of others similarly situated, | ) ) ) ) Civil Action No. |
| *Plaintiffs*, | ) ) ) |
| v. | ) **NOTICE OF REMOVAL** ) |
| SAINT-GOBAIN PERFORMANCE PLASTICS CORPORATION; GWENAEL BUSNE; and DOES 1-5; | ) **JURY TRIAL DEMANDED** ) ) ) |
| *Defendants*. | ) ) ) |

## NOTICE OF REMOVAL

Defendants Saint-Gobain Performance Plastics Corporation ("Saint-Gobain") and Gwenael Busnel, by their undersigned attorneys, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, to the United States District Court for the District of New Hampshire. As grounds for removal, Defendants state as follows:

### PRELIMINARY STATEMENT

1. This action was filed in New Hampshire Superior Court, Hillsborough, Southern District, bearing Case Number 2262016CV00253 (*see* Compl., Ex. A), and a proposed amended complaint was filed June 6, 2016. (*See* Am. Compl., Ex. B.) Plaintiffs Kevin Brown, Christopher Blundon, and Adam W. Dyer seek medical monitoring on behalf of a putative class of residents who allegedly have been injured by contamination purportedly caused by a facility

1

in Merrimack, New Hampshire owned by Saint-Gobain, a California corporation based in Ohio. (*See* Am. Compl. ¶¶ 20-47.)[1]

2.     Plaintiffs seek recovery under several state-law theories, including trespass, negligence, nuisance, strict liability, and respondeat superior. (*Id.* ¶¶ 48-67.) They seek medical monitoring in the form of compensatory damages for conditions they allege are attributable to the alleged contamination, as well as exemplary damages. (Am. Compl. ¶ 47.)

3.     Plaintiffs' primary allegations are against Saint-Gobain as owner of the facility. In addition, Plaintiffs have also sued the current manager of the facility, Gwenael Busnel, who they allege resides in New Hampshire. (Am. Compl. ¶ 8.) Plaintiffs do not allege any specific misconduct by Mr. Busnel or any acts by Mr. Busnel that were allegedly outside the scope of his employment at Saint-Gobain. Instead, Plaintiffs plead generalized allegations of collective conduct by "Defendants." In addition, Plaintiffs plead that Saint-Gobain is vicariously liable for Mr. Busnel's unspecified wrongful conduct. (Am. Compl. ¶¶ 63-67.)

4.     Plaintiffs also name five fictitious "John Doe" Defendants who are allegedly employees of Saint-Gobain responsible for the alleged contamination. (*Id.* ¶ 9.)

5.     As set forth below, this action is properly removable to federal court under two separate and independent grounds.

6.     *First*, this action is removable under the Class Action Fairness Act (CAFA), because the parties are minimally diverse and the aggregate amount in controversy for the putative class exceeds $5 million.

---

[1] This action was filed along with a companion action by the same Plaintiff and the same counsel seeking property damages on behalf of a putative class, captioned under 2262016CV00252. Both cases are being simultaneously removed to this Court.

7. *Second*, this action is removable based on traditional diversity jurisdiction because the properly joined parties are completely diverse, Mr. Busnel is fraudulently joined, and the amount in controversy exceeds $75,000.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS PROPER UNDER CAFA

8. The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453, over this putative class action in which the parties are diverse and the amount in controversy exceeds $5 million, exclusive of costs and interest. "CAFA's primary objective," as the Supreme Court has stated, is to ensure "Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quotation omitted). CAFA jurisdiction exists here: the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(1)-(2).

#### A. This Case Is a Class Action

9. Plaintiffs invoke Rule 16 of the New Hampshire Rules of Civil Procedure and seek to represent a class of persons who reside or have resided on residential properties with private groundwater wells within two miles of the property boundary of the Saint-Gobain site. (Am. Compl. ¶¶ 1, 11.)

10. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

#### B. The Amount in Controversy Requirement Is Satisfied

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

7. *Second*, this action is removable based on traditional diversity jurisdiction because the properly joined parties are completely diverse, Mr. Busnel is fraudulently joined, and the amount in controversy exceeds $75,000.

## GROUNDS FOR REMOVAL

### I. REMOVAL IS PROPER UNDER CAFA

8. The Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d) and 1453, over this putative class action in which the parties are diverse and the amount in controversy exceeds $5 million, exclusive of costs and interest. "CAFA's primary objective," as the Supreme Court has stated, is to ensure "Federal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (quotation omitted). CAFA jurisdiction exists here: the claim is a putative class action, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(1)-(2).

#### A. This Case Is a Class Action

9. Plaintiffs invoke Rule 16 of the New Hampshire Rules of Civil Procedure and seek to represent a class of persons who reside or have resided on residential properties with private groundwater wells within two miles of the property boundary of the Saint-Gobain site. (Am. Compl. ¶¶ 1, 11.)

10. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

#### B. The Amount in Controversy Requirement Is Satisfied

11. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

*Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). It is sufficient for a defendant to "show a reasonable probability that more than $5 million is at stake." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 80 (1st Cir. 2014) (quotation omitted). In putative class actions involving requests for medical monitoring, the amount in controversy may be evaluated by considering the number of class members, the average remaining lifespan of a class member, and the annual cost of medical services. *See Gayvont v. Davol, Inc.*, 2008 WL 2433258, at *2 (D.R.I. Feb. 26, 2008).

12. Plaintiffs seek medical monitoring on behalf of a class of all persons who reside on or have resided on residential properties with private groundwater wells within two miles of the Saint-Gobain facility. (Am. Compl. ¶ 11.) New Hampshire's Department of Environmental Services indicates that it has sampled 507 private wells in the area around the Saint-Gobain facility, with appointments scheduled for 18 more wells.[2] Multiplying those 525 wells by a conservative factor of 1.5 to account for wells used by more than one person, as well as for former residents who have left the area, leads to a putative class of at least 787 members. Given an average age in Merrimack of 42.5 years[3] and an average U.S. life expectancy of 78.8 years,[4] a reasonable average remaining lifespan for each class member would be approximately 35 years. Thus, under these conservative assumptions, the aggregate $5 million amount in controversy would be satisfied if each class member's claim places only $181 or more at issue in annual medical expenses for medical monitoring. Although Plaintiffs do not allege what medical tests

---

[2] *See* NHDES, PFOA Contamination Southern New Hampshire Weekly Update (June 3, 2016), http://des.nh.gov/organization/commissioner/documents/pfoa-weekly-20160603.pdf.

[3] *See* New Hampshire Employment Security, Merrimack, NH, http://www.nhes.nh.gov/elmi/products/cp/profiles-htm/merrimack.htm (last visited June 7, 2016).

[4] *See* Larry Copeland, *Life expectancy in the USA hits a record high*, USAToday.com (Oct. 9, 2014), http://www.usatoday.com/story/news/nation/2014/10/08/us-life-expectancy-hits-record-high/16874039/.

can properly monitor and prevent the risks they allege are attributable to PFOA, and Defendants deny both the existence of those risks and the existence of tests to properly monitor and/or prevent such alleged risks, Defendants note by way of example only that this $181 annual expense per class member is less than the average price of a general health screening in New Hampshire.[5] Thus, with the addition of Plaintiffs' claim for exemplary damages, which are includable in the amount in controversy, *see, e.g.*, *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 39 n.1 (1st Cir. 2016), the amount-in-controversy requirement is readily satisfied.[6]

### C. The Diversity Requirement is Satisfied

13. For an individual, "[u]nder generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010).

14. Here, Plaintiff Kevin Brown alleges that he is a resident of Litchfield, New Hampshire and does not allege any intent to return elsewhere. (Am. Compl. ¶ 4.) Thus, at least one Plaintiff is a citizen of New Hampshire for purposes of diversity jurisdiction.

15. Saint-Gobain is incorporated in California and maintains its principal place of business in Ohio. Thus, Saint-Gobain is a citizen of California and Ohio for purposes of diversity jurisdiction.

---

[5] NH HealthCost, Health Screening – General Health Panel, http://nhhealthcost.nh.gov/costs/medical/result/1?carrier=uninsured# (last visited June 7, 2016).

[6] Defendants note that the inquiry at this stage concerns only the amount of damages *requested* by the Plaintiff. Defendants need not, and do not, concede that Plaintiffs are entitled to recover any damages. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) (stating in CAFA case that "[t]he removing party need not confess liability in order to show that the controversy exceeds the threshold") (internal quotation marks omitted).

16. Accordingly, at least one plaintiff is diverse from at least one defendant, satisfying the CAFA diversity requirement.

17. Removal is therefore proper under CAFA.

## II. REMOVAL IS PROPER UNDER TRADITIONAL DIVERSITY JURISDICTION

18. The Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441 because this is a civil action between citizens of different States, in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A. The Amount in Controversy Exceeds $75,000

19. As noted above, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 135 S. Ct. at 554. For putative class actions removed under traditional diversity jurisdiction, the Supreme Court has held that only one plaintiff need satisfy the amount in controversy of $75,000 and that supplemental jurisdiction under 28 U.S.C. § 1367 will extend to claims by all other plaintiffs without regard to whether they meet that requirement. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

20. Here, it is apparent from the face of the Complaint that the amount in controversy for at least one class member exceeds $75,000. All Plaintiffs request the costs of medical monitoring for the alleged injuries they say are attributable to PFOA. (Am. Compl. ¶ 2). Assuming, as above, a reasonable remaining lifespan of 35 years, a Plaintiff class member's medical monitoring claims would meet the amount in controversy threshold if they require at least $2142 in annual medical expenses over those 35 years. Although Plaintiffs do not allege what medical tests can properly monitor and prevent the risks they allege are attributable to PFOA, and Defendants deny both the existence of those risks and the existence of tests to properly monitor and/or prevent such alleged risks, Defendants note by way of example only that

this $2142 annual expense per class member is significantly less than the cost of numerous diagnostic and screening procedures in New Hampshire.[7] *Cf. Gayvont*, 2008 WL 2433258, at *2 (holding that amount in controversy requirement was satisfied where "the cost in West Virginia of a yearly CT scan for one person for a remaining life span of 20 years," multiplied by number of class members, exceeded $5 million). In addition, Plaintiffs seek exemplary damages (Am. Compl. ¶¶ 68-70), which are included in the determination of the amount in controversy. *See, e.g.*, *Harrison*, 811 F.3d at 39 n.1.

21. These facts together support a plausible inference that the amount placed in controversy by at least one Plaintiff class member's claims exceeds $75,000, and thus the amount-in-controversy requirement is satisfied.

**B. The Properly Joined Parties Are Completely Diverse**

22. For a putative class action, the Court evaluates diversity of citizenship based on the citizenship of the named parties only. *See Supreme Tribe of Ben Hur v. Cauble*, 255 U.S. 356, 366 (1921).

23. For an individual, "[u]nder generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010).

24. As noted above, Plaintiff Kevin Brown is a citizen of New Hampshire for purposes of diversity jurisdiction.

---

[7] *See generally* NH HealthCost, Health Costs, http://nhhealthcost.nh.gov/costs/medical/step-2/?carrier=uninsured.

25. Plaintiff Christopher Blundon alleges that he is a resident of Litchfield, New Hampshire and does not allege any intent to return elsewhere. (Am. Compl. ¶ 5.) Thus, Mr. Blundon is a citizen of New Hampshire for purposes of diversity jurisdiction.

26. Plaintiff Adam Dyer alleges that he is a resident of Londonderry, New Hampshire and does not allege any intent to return elsewhere. (Am. Compl. ¶ 6.) Thus, Mr. Dyer is a citizen of New Hampshire for purposes of diversity jurisdiction.

27. As noted above, Defendant Saint-Gobain is a citizen of California and Ohio.

28. Although Plaintiffs have named fictitious "John Doe" Defendants who they assert are residents of New Hampshire (Am. Compl. ¶ 9), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

29. Defendant Gwenael Busnel is a French citizen who resides in New Hampshire as a United States permanent resident. Accordingly, Mr. Busnel is a citizen of New Hampshire for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a)(2).

30. Mr. Busnel's New Hampshire citizenship is not an obstacle to removal because he is fraudulently joined. Generally, fraudulent joinder exists where a defendant shows, by clear and convincing evidence, "either that there has been outright fraud committed in the plaintiff's pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." *Longden v. Phillip Morris, Inc.*, 2003 WL 21975365, at *3 (D.N.H. Aug. 19, 2003) (citing *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 5 (D. Mass. 2001)); *see also Suriana Nordin v. PB&J Resorts, LLC*, 2016 WL 2757696, at *3 (D.N.H. May 12, 2016).

31. Here, since Plaintiffs assert that Saint-Gobain is liable for Mr. Busnel's unspecified actions under *respondeat superior*, they have "nothing to gain from joining [him] except for defeating diversity." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 824 (E.D. Va. 2005) (citing *Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing*, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003)). This claim alone shows that he is fraudulently joined.

32. Further, Plaintiffs have not pled any specific facts at all about Mr. Busnel, much less facts that suggest he committed an independent tort. Federal cases from other jurisdictions have found fraudulent joinder in similar circumstances. *See Stanley v. Exxon Corp.*, 824 F. Supp. 52, 54 (E.D. Pa. 1993) (holding that tortious interference claims against individual employee of corporate defendant were without merit and constituted fraudulent joinder); *Pinsonat v. JE Merit Constructors, Inc.*, 962 F. Supp. 848, 852 (M.D. La. 1996) (in workplace discrimination action, dismissing claims against individual defendant supervisor who was not an "employer" under state law and finding that individual defendant had been fraudulently joined); *Ahrens v. TPLC, Inc.*, 955 F. Supp. 54 (E.D. La. 1997) (in products liability action dismissing claims against sales representative that marketed and sold defendant corporation's medical devices and finding that said defendant was fraudulently joined). And the First Circuit has recognized fraudulent joinder in which the plaintiffs added the defendant's agent as an additional defendant in a breach of contract case, since "the plaintiffs alleged no facts on which we could find an exception to the general rule against agent liability." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014).

33. Thus, no Plaintiff is a citizen of the same State as any properly joined Defendant, and the complete diversity requirement is satisfied. 28 U.S.C. § 1332(a)(2).

### III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

34. Upon information and belief, Saint-Gobain was served with a Summons and Complaint on or about June 1, 2016. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

35. The New Hampshire Superior Court, Hillsborough, Southern District, is located within the District of New Hampshire. *See* 28 U.S.C. § 1441(a).

36. As set forth above, no Defendant properly joined and served is a citizen of the State of New Hampshire, the State in which this action was brought. *See* 28 U.S.C. § 1441(b). Further, that requirement does not apply with regard to removals effected under CAFA. *See* 28 U.S.C. § 1453(b).

37. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents served upon Defendants are attached hereto. (*See* Ex. A, Ex. B.)

38. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the New Hampshire Superior Court.

39. Defendants reserve the right to amend or supplement this Notice of Removal.

40. If any other question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Defendants hereby remove this action from the New Hampshire Superior Court, Hillsborough, Southern District, bearing Case Number 2262016CV00253, to this Court.

Dated: June 10, 2016					Respectfully submitted,

/s/ Merritt Schnipper
Merritt Schnipper
Elizabeth K. Rattigan
DOWNS RACHLIN MARTIN PLLC
8 South Park Street
Lebanon, NH 03766-1326
Tel: 603-448-2211
Fax: 603-448-9967
mschnipper@drm.com

Sheila Birnbaum (PHV to be filed)
Mark S. Cheffo (PHV to be filed)
Douglas E. Fleming, III (PHV to be filed)
Patrick Curran (PHV to be filed)
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
sheilabirnbaum@quinnemanuel.com
markcheffo@quinnemanuel.com
douglasfleming@quinnemanuel.com
patrickcurran@quinnemanuel.com

*Attorneys for Defendants Saint-Gobain Performance Plastics Corporation and Gwenael Busnel*